IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Patrick J. Shank,                                      Case No. 23-cv-01547

                 Petitioner,

         v.                                             **ORDER**

Warden David Gray,

                 Respondent.

This is a *pro se* prisoner habeas corpus case under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") 28 U.S.C. § 2254. Petitioner Patrick J. Shank, an Ohio prisoner, challenges the first of two convictions in the Medina County, Ohio, Court of Common Pleas for sex crimes in *State v. Shank*, Case No. 12-12-cr-0395 (hereinafter, "*Shank I*").

For the reasons that follow, I transfer the Petition to the Sixth Circuit Court of Appeals because it appears to be a second or successive petition.

## I. Background

In *Shank I*, a jury convicted Petitioner of two counts of sexual battery, two counts of unlawful sexual conduct with a minor, and two counts of contributing to the unruliness or delinquency of a minor. *Id*. at *1.

Following a bench trial in the second case, *State v. Shank*, Case No. 12-cr-0696 ("*Shank II*"), the trial court convicted Petitioner of three counts of rape and nine counts of the lesser included offense of sexual battery. *Id*.

On June 2, 2018, Petitioner filed his first Petition for Writ of Habeas Corpus in federal court. (Case No. 18-cv-01262 (hereinafter, "*Habeas I*"), Doc. 1). In *Habeas I*, Petitioner challenged his convictions in both *Shank I* and *Shank II*.

In *Habeas I*, Magistrate Judge Kathleen B. Burke issued a Report and Recommendation, finding that the Petition (as it related to *Shank I*) was untimely under 28 U.S.C. § 2244(d). *Shank v. Marquis*, No. 18-cv-01262, 2020 WL 13836622 (N.D. Ohio 15, 2020) ("R&R"). Further, the Magistrate Judge found that no exceptions to 28 U.S.C. § 2244, such as actual innocence equitable tolling, applied. *Id*.

I overruled Petitioner's objections to the R&R, adopted the R&R, and dismissed *Habeas I*. (*See Habeas I*, Doc. 42). Petitioner appealed the judgment to the Sixth Circuit Court of Appeals, which denied his appeal and dismissed the case. *See Shank v. Marquis*, No. 21-3372, 2022 WL 2163789 (6th Cir. June 15, 2022).

On August 8, 2023, Petitioner filed this petition—his second § 2254 petition. (Case No. 23-01547 (hereinafter, "*Habeas II*"), Doc. 1).

*Habeas II* was automatically referred to Magistrate Judge Amanda M. Knapp, who issued a scheduling order for briefing. (Doc. 3). Respondent filed a motion to dismiss for lack of jurisdiction on the basis that this is Petitioner's second habeas petition. (Doc. 8). Petitioner filed an opposition to Respondent's motion to dismiss. (Doc. 11).

On April 25, 2024, Petitioner filed a third § 2254 petition, which is related to *Shank II*. (Case No. 24-00745 (hereinafter, "*Habeas III*"), Doc. 1, PgID. 1). I will address *Habeas III* in a separate opinion and order in that case.

2

## II.  Legal Standard

28 U.S.C. § 2244(b)(3), states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

In *Felker v. Turpin*, 518 U.S. 651 (1996) the United States Supreme Court explained:

> The Act requires a habeas petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district court. But this requirement simply transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by 28 U.S.C. § 2254 Rule 9(b). The Act also codifies some of the preexisting limits on successive petitions, and further restricts the availability of relief to habeas petitioners.

*Id*. at 664.

AEDPA requires a petitioner to first obtain an order "authorizing the district court to consider" the petition from the appropriate court of appeals before filing a second or successive petition. 28 U.S.C. § 2244(a)(3).

A "second or successive petition" is a term of art. *Slack v. McDaniel*, 529 U.S. 473, 486 (2000). A subsequent petition is "second or successive" if the claims asserted in that petition were ripe when the earlier petition was filed. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643–46 (1998) A petition is not a second or successive petition if the previous petition does not attack a state court judgment. *Magwood v. Patterson*, 561 U.S. 320, (2010).

## III.  Analysis

First, I withdraw the reference to the Magistrate Judge, which previously occurred under Local Rule 72.2.

Second, as explained above, Petitioner filed his first habeas corpus petition in 2018. This is Petitioner's second habeas petition. It raises the exact same claims that Petitioner already raised,

unsuccessfully, in *Habeas I*. It is therefore considered "second or subsequent." I therefore direct the Clerk to transfer the instant petition to the Sixth Circuit for a determination under 28 U.S.C. § 2244(b)(3).[1]

## Conclusion

It is, therefore, ORDERED THAT:

Petitioner's Petition be, and the same hereby is, transferred to the Sixth Circuit Court of Appeals.

SO ORDERED.

/s/James G. Carr
Sr. U.S. District Judge

---

[1] I note that, in *Shank I*, Petitioner unsuccessfully appealed his conviction to the State of Ohio Ninth District Court of Appeals. *State v. Shank*, No. 12CA0104, 2013 WL 6497961, at *1–2 (Ohio Ct. App. Dec. 9, 2013) (2013-Ohio-5368). Petitioner then sought to appeal that decision in the Supreme Court of the State of Ohio. The court denied his request because it was untimely. *State v. Shank*, No. 2018-1196, 153 Ohio St. 3d 1503 (Oct. 24, 2018) (table decision).

Petitioner also unsuccessfully sought leave to file a petition for post-conviction relief in *Shank I*. (Case No. 18-cv-02162, Doc. 27-1, PgID. 264). The trial court denied his motion as untimely, and because Petitioner failed to satisfy the requirements to allow for an untimely filing. (*Id*. at 283–86).

Petitioner then filed an application to reopen his direct appeal in *Shank I*. (*See*, Doc. 27-1, PgID. 242–48). The Ninth District Court of Appeals denied Petitioner's application. (*Id*. at Doc. 27-1, PgID. 263).